IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WENDEL JACKMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:11-CV-1287-TWT |

ORDER

This is a wrongful foreclosure action. It is before the Court on the Defendants' Motion to Dismiss [Doc. 7]. For the reasons set forth below, the Court GRANTS the Defendants' Motion to Dismiss.

I. Background

This case arises out of the foreclosure sale of the Plaintiff's property at 3685 Panola Road, Lithonia, Georgia ("the Property"). The Plaintiff, Wendel Jackman, previously filed claims arising out of the same foreclosure sale against EverHome Mortgage Company ("EverHome"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and RBMG, Inc. in this Court on February 8, 2010. Jackman v. EverHome Mortgage Company et al., No. 1:10-CV-347TWT [Doc. 1] ("First

Action"). On May 3, 2010, this Court dismissed the Plaintiff's claims against Defendants EverHome and MERS pursuant to Rule 12(b)(6) [First Action, Doc. 31]. On January 3, 2011, this Court dismissed the Complaint against the remaining Defendants without prejudice because there had not been any substantial proceedings of record for over six months [First Action, Doc. 33].

On April 20, 2011, the Plaintiff commenced the present case by filing claims against Everhome, MERS, Federal National Mortgage Association ("FNMA"), and Shapiro & Swertfeger, LLP in this Court [Doc. 1]. The claims arise out of the same foreclosure sale. On April 29, 2011, the Defendants filed a Motion to Dismiss, principally arguing that the Plaintiff's claims were barred on grounds of *res judicata* [Doc. 7].

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in

the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III.  Discussion

The Plaintiff contends that his Complaint in the First Action was dismissed without prejudice. However, the claims against EverHome and MERS were dismissed with prejudice pursuant to this Court's May 3, 2010 Order [First Action, Doc. 31]. A "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981). In the First Action, this Court only dismissed without prejudice the claims against RBMG, Inc., which is not a party to this action [First Action, Doc. 33].

*Res judicata*, or claim preclusion, bars a plaintiff from filing claims that were raised or could have been raised in earlier litigation. Jackman has raised new arguments to support the same claim that he made in the First Action–that the foreclosure sale was improper. A claim that could have been raised in earlier litigation is barred if "(1) there is a final judgment on the merits [in the earlier litigation]; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

All of these conditions are satisfied regarding defendants EverHome and MERS. These conditions are also satisfied regarding FNMA, which is in privity with EverHome. EverHome was the purchaser at the foreclosure sale and thereafter conveyed title to the Property to FNMA. Furthermore, FNMA was held to have standing to file a dispossessory action in state court; readjudication of this issue is thus barred by the Rooker-Feldman doctrine. Shapiro & Swertfeger is not in default as the Plaintiff has not complied with O.C.G.A. § 9-11-4 or FRCP 4 in its service of process. Moreover, as was the case in the First Action [First Action, Doc. 31], the Plaintiff still fails to state a plausible claim for relief.

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion to Dismiss.

SO ORDERED, this 17 day of October, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge